18-2093-cv
Krondes v. Nationstar Mortgage, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of January, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             PETER W. HALL,
                      *Circuit Judges.*

_____

JOHN J. KRONDES,

                      *Plaintiff-Appellant*,

                      v.                                            18-2093-cv

NATIONSTAR MORTGAGE, LLC, BANK OF AMERICA CORPORATION, successor to COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA, N.A., BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), JAY BRAY, COUNTRYWIDE FINANCIAL CORPORATION,

                      *Defendants-Appellees.*[1]

_____

| | |
|---|---|
| For Plaintiff-Appellant: | John J. Krondes, pro se, Darien, CT. |
| For Defendants-Appellees Nationstar Mortgage, LLC, Bank of New York Mellon, FKA The Bank of New York, and Jay Bray: | Laurence P. Chirch, Parker Ibrahim & Berg LLP, Somerset, N.J. |

_____

[1] The Clerk of Court is directed to amend the caption as above.

For Defendants-Appellees Bank of America                    Connie Flores Jones, Winston & Strawn LLP,
Corporation, successor to Countrywide Financial              Houston, TX.
Corporation, Countrywide Home Loans, Inc.,
Bank of America, N.A., Mortgage Electronic
Registration Systems, Inc., and Countrywide
Financial Corporation:

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Appellant John J. Krondes appeals from a June 14, 2018 judgment of the United States District Court for the Southern District of New York (Pauley, *J.*), dismissing his complaint for lack of subject matter jurisdiction under the *Colorado River* abstention doctrine and for improper venue. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's dismissal of a complaint on abstention grounds for abuse of discretion. *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 99 (2d Cir. 2012). Under the *Colorado River* abstention doctrine, "a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in 'comprehensive disposition of litigation' and abstention would conserve judicial resources." *Id.* at 100 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) (quoting *Day v. Union Mines Inc.*, 862 F.2d 652, 655 (7th Cir. 1988)).

We conclude that the district court did not abuse its discretion in finding that the actions were parallel. The key issues in Krondes' federal action, including the validity of the allegedly fraudulent mortgage and Appellees' conduct in enforcing the mortgage, are squarely at issue in the state court foreclosure proceedings. Substantially the same parties are litigants in both actions. The actions are therefore parallel for purposes of *Colorado River* abstention, even though Krondes' complaint raises federal claims.

Even where state and federal proceedings are parallel, abstention is justified only where the balance of the following factors weighs in favor of abstention: "(1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights." *Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (internal citations omitted). The district court properly considered and applied each factor, and we agree with its conclusion that each factor weighed in favor of abstention.

2

We therefore hold that the district court did not abuse its discretion by abstaining from the exercise of jurisdiction under *Colorado River* and dismissing Krondes' complaint. We need not address the district court's venue holding or the parties' arguments as to the merits of Krondes' claims. We have considered the remainder of Krondes' arguments as to the district court's decision to abstain and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk